IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORY ALVIN MUSTOE,

                Plaintiff,

     v.

CAROLYN W. COLVIN,
COMMISSIONER of Social Security,

             Defendant.

Civil No. 3:14-cv-00857-AC

FINDINGS AND RECOMMENDATION

LISA R.J. PORTER
KP Law PC
5200 SW Meadows Rd
Suite 150
Lake Oswego, OR 97035

       Attorney for Plaintiff

BILLY J. WILLIAMS
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 SW Third Avenue
Suite 600
Portland, OR 97204

1 - FINDINGS AND RECOMMENDATION -

ERIN F. HIGHLAND
Special Assistant U.S. Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue
Suite 2900 M/S 221A
Seattle, WA  98104

       Attorneys for Defendant

ACOSTA, Magistrate Judge.

      Plaintiff Cory Alvin Mustoe ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 1383(c)(3).  For the reasons explained below, the Commissioner's decision should be REVERSED and the case REMANDED for an immediate award of benefits.

## PROCEDURAL BACKGROUND

      Plaintiff filed an application for SSI on March 18, 2008, alleging disability beginning March 18, 2008.  The Commissioner denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing.  After the hearing request was denied as untimely, the Appeals Council vacated the order of dismissal and remanded for further proceedings.  Tr. 113-21.

      Plaintiff appeared at a hearing before Administrative Law Judge Riley Atkins (the "ALJ") on December 5, 2012. Tr. 53-110.  On January 24, 2013, the ALJ issued a decision finding Plaintiff was not disabled.  Tr. 27-52.

On February 26, 2013, Plaintiff submitted a Request for Review of the ALJ's decision.  Tr.

21-23.  On April 10, 2014, the Appeals Council denied Plaintiff's Request for Review.  Tr. 1-4.

Plaintiff now seeks review by this Court of the ALJ's unfavorable decision.

### PROCEDURAL BACKGROUND

Born in 1970, Plaintiff was 38 years old on the date his application was filed.  Tr. 264.

Plaintiff has a ninth grade education.  Tr. 305-06.  Plaintiff's work history includes past work as a

gas station attendant and machine feeder.  Tr. 100, 102.

### STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards

and the findings are supported by substantial evidence in the record.  *Hammock v. Bowen*, 879 F.2d

498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S.

197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the

[Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).  "Where

the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its]

judgment for the ALJ's."  *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation

omitted).

The initial burden of proof rests upon the claimant to establish disability.  *Howard v.

Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this burden, the claimant must demonstrate

an "inability to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920, First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. § 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. § 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. § 416.966.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ engaged in the five-step "sequential evaluation" process when evaluating Plaintiff's disability as required by 20 C.F.R. § 416.920(a). At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity since March 18, 2008, the application date. Tr. 30. At step two, the ALJ determined Plaintiff has the following severe impairments: positive hepatitis C, a history of a gunshot wound to the head with a craniotomy and a seizure disorder history, depression, anxiety, a personality disorder, a cognitive disorder, and a history of drug and alcohol abuse. Tr. 30.

At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. 404, Subpart P, Appendix 1 (20 C.F.R. § 416.920(d)). Tr. 30. The ALJ concluded Plaintiff has moderate restriction in activities of daily living, moderate difficulties in social functioning, and marked difficulties with regard to concentration, persistence, or pace. Tr. 31. The ALJ also found no evidence Plaintiff experienced any episodes of decompensation. Tr. 31.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b): "compromised by the limitation of seizure precautions that include the need to avoid hazards, dangerous machinery, and heights; the limitation of the need for work that is in a simple, routine, repetitive work environment; the limitation of no more than occasional public contact; the limitation of attention and concentration deficits considered marked in character on an occasional basis, or up to one third of the work day." Tr. 31-32.

At step four, the ALJ determined Plaintiff is unable to perform any past relevant work. Tr. 39. At step five, the ALJ found that jobs do not exist in significant numbers in the national economy that Plaintiff can perform, and a finding of "disabled" is appropriate. Tr. 39-40.

The ALJ then undertook a drug and alcohol abuse ("DAA") analysis. The ALJ determined that if the Plaintiff ceased substance abuse, he would have the RFC to perform light work, with the "limitation[s] of seizure precautions that include the need to avoid hazards, dangerous machinery, and heights; the limitation of the need for work that is in a simple, routine, repetitive work environment; and the limitation of no more than occasional public contact." Tr. 41. The ALJ concluded that in the absence of substance abuse Plaintiff would continue to be unable to perform past relevant work, but that there would be a significant number of jobs in the national economy that Plaintiff could perform, including box filler, bagger of plastics, and laundry sorter. Tr. 45.

## DISCUSSION

Plaintiff argues the ALJ erred in finding his alcoholism was material to Plaintiff's disability and that Plaintiff's mental disorders were not disabling conditions in the absence of Plaintiff's alcoholism.[1] If DAA is a contributing factor material to the determination of disability, a claimant

---

[1]Plaintiff alleges two additional claims of error, that the ALJ improperly ignored medical opinion evidence and that the ALJ's RFC analysis was flawed. Because the ALJ's error in determining Plaintiff's substance abuse was a material factor is dispositive of this action, the Court does not address the remaining two claims. The Court also notes that Plaintiff challenges the Commissioner's DAA analysis on the basis that SSR13-2p creates an impermissible legal conflict between agency rulings. However, SSR 13-2p became effective March 22, 2013, after the ALJ's decision and before the Appeals Council's decision. *See* SSR 13-2p, *available at* 2013 WL 1621536, at *1 (February 20, 2013). "Whatever import SSR 13-2p may have had on the Appeals Council's denial of review of Plaintiff's case cannot be reviewed by this Court." *Hall v. Colvin*, Case No. 3:14-cv-00277-SI, 2015 WL 882106, *5 (D. Or., March 2, 2015) (citing *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012)). Moreover, because it became effective after the ALJ's decision in

cannot be considered disabled for purposes of awarding benefits. 42 U.S.C. § 1382c(a)(3)(J).

Therefore, where relevant, an ALJ must conduct a DAA analysis and determine whether a

claimant's disabling limitations remain in the absence of drug and alcohol use. 20 C.F.R. §

404.1535. If the ALJ finds a claimant to be disabled with the limitations caused by DAA, the ALJ

then conducts a disability analysis a second time to determine whether substance abuse is material

to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the remaining

limitations with DAA would still be disabling, then the claimant's drug addiction or alcoholism is

not a contributing factor to disability. 20 C.F.R. § 416.935(b)(2)(ii). If the remaining limitations

would not be disabling without DAA, then the claimant's substance abuse is material and benefits

must be denied. 20 C.F.R. § 416.935(b)(2)(I); *Parra v. Astrue*, 481 F.3d 742, 747 (9th Cir. 2007).

A claimant bears the burden of proving that DAA is not a contributing factor material to his or her

disability. *Parra*, 481 F.3d at 748.

In his initial RFC determination, the ALJ referred to a June 27, 2008 consultative

psychodiagnostic evaluation performed by Donna C. Wicher, Ph.D. The ALJ noted that Dr. Wicher

diagnosed Plaintiff with a cognitive disorder not otherwise specified, a major depressive disorder

recurrent and moderate, polysubstance abuse in remission, and a borderline personality disorder.

Tr. 33. Dr. Wicher also noted "mild to moderate deficits in the ability to perform activities of daily

living, moderate deficits in social functioning, moderate deficits in concentration, persistence, and

pace, with no recent lengthy episodes of decompensation." Tr. 33. Dr. Wicher explained that while

---

Plaintiff's case, SSR 13-2p does not provide a ground for appealing the ALJ's decision to
this Court. *Id.* (citation omitted).

these deficits did not prevent Plaintiff from working in the past, cognitive defects may make this more difficult.  Tr. 33.

Another consultative cognitive and psychological assessment discussed by the ALJ was performed on December 3, 2010, by Jill E. Spendal, Psy.D., to which the ALJ assigned some weight.  Tr. 34.  The ALJ described Dr. Spendal's evaluation as follows:

> This evaluation was extensive and comprehensive, providing information indicating average intellectual functioning, memory deficits, multiple personality disorder features, *as well as deficits in attention, processing speed, fatigue, impulsivity, and weaknesses in some areas of memory common to individuals with certain types of head injuries.*

Tr. 34 (emphasis added).

Dr. Spendal's diagnoses were "a cognitive disorder not otherwise specified, a major depressive disorder in remission, and a GAF of 65." Tr. 34.  Dr. Spendal's evaluation included a Mental Residual Functional Capacity Report which indicated a moderate limitation of understanding and memory, moderate limitation on sustained concentration and persistence for detailed items, and no limitation for simple items.  Tr. 34.

The ALJ noted that Dr. Spendal opined that it was unlikely Plaintiff would be able to work at a full-time level due to the degree of fatigue reported by Plaintiff due to his Hepatitis C combined with Plaintiff's attention and memory issues.  However, the ALJ found that was not a definitive statement because Dr. Spendal also stated that the Plaintiff would be a good candidate for vocational rehabilitation services.  Tr. 34.  The ALJ did not however, include limitations Dr. Spendal indicated, such as limiting Plaintiff's time in vocational rehabilitation to 10 hours a week.

The ALJ also referred extensively to a September 21, 2011 comprehensive consultative

psychodiagnostic evaluation conducted by Shawn A. Johnson, Ph.D.  Tr. 34.  In addition to personally evaluating Plaintiff, Dr. Johnson reviewed Dr. Wicher's June 27, 2008, evaluation as well as a January 24, 2007, evaluation by Cheryl Brischetto, Ph.D., which the ALJ mistakenly thought was not contained in the record.[2]  Dr. Johnston's diagnoses were alcohol dependence disorder in early full remission due to court involvement, marijuana abuse disorder in long-term remission, methamphetamine abuse disorder in long-term remission, cognitive disorder not otherwise specified and mild, major depressive disorder by history controlled with medication, anxiety disorder not otherwise specified by history controlled with medication, borderline personality disorder by history, rule out dependent personality disorder, and a GAF of 60.  Tr. 35.

Dr. Johnson agreed with Drs. Brischetto and Wicher that Plaintiff suffered from cognitive impairment.  Tr. 35.  Dr. Johnson opined, however, that Plaintiff appears to have the ability to understand and remember simple instructions, is capable of sustaining attention and concentration, and persisting, is capable of engaging in appropriate social interactions, and has the ability to work a normal length work week.  Tr. 35.  Dr. Johnson agreed with Dr. Spendal, however, that Plaintiff would require workplace accommodations due to Plaintiff's short-term memory function, fatigue, and seizure.  Tr. 894-900.

Based on these evaluations and the other evidence in the record, the ALJ's initial RFC for Plaintiff included the nonexertional limitation "of attention and concentration deficits considered marked in character on an occasional basis, or up to one third of the work day."  At the hearing, the ALJ posed the hypothetical to the VE that "on an occasional basis as we understand that term

_____

[2]Dr. Brischetto's evaluation appears at pages 387-397 of the record.

vocationally, this hypothetical claimant might well suffer attention and concentration deficits that during such times would be characterized as marked." Tr. 104. The VE responded that the individual could not sustain employment: "[o]ccasional is one third of the work day. At a marked level, this is quite off task. It would not be accommodated nor would a person be able to sustain or maintain work competitively." Tr. 104.

Having found Plaintiff disabled, the ALJ then undertook the DAA analysis. The ALJ first assessed Plaintiff's credibility, then turned to the psychological evaluations. At the outset of his analysis of the psychological evaluations, the ALJ stated "[a]ll of the consultative evaluations, treatment records, treatment opinions, and other information are the same in the absence of alcohol abuse as in the presence of such abuse." Tr. 43. Despite this statement, the ALJ went on to conclude that in the absence of substance abuse, the Plaintiff would have the RFC "to perform light work, as defined in 20 CFR 416.967(b), compromised by the limitation of seizure precautions that include the need to avoid hazards, dangerous machinery, and heights; the limitation of the need for work that is in a simple, routine, repetitive work environment; and the limitation of no more than occasional public contact." Tr. 41. In other words, the ALJ removed from the RFC the cognitive limitations of attention and concentration deficits up to one third of the work day.

In his DAA analysis, the ALJ continued to give some weight to the information provided by third parties, Plaintiff's mother and friend. The ALJ then notes that, "[i]n terms of the [plaintiff's] alleged deficits and limitations, as well as his reporting regarding alcohol abuse, some are specifically contradicted by treatment records." Tr. 42. The ALJ describes numerous occasions upon which Plaintiff received medical treatment when tests indicated high levels of blood alcohol

content, despite Plaintiff's reports and statements that he was abstaining from drink. Tr. 42-43. The ALJ then goes on to discuss the same psychodiagnostic reports he examined in the initial RFC analysis and after stating that all of the "consultative evaluations, treatment records, treatment opinions, and other information are the same in the absence of alcohol abuse as in the presence," the ALJ states that "while all the discussion remains the same, some of the more comprehensive and informative opinions are highlighted again." Tr. 43. The ALJ reiterates the discussion regarding Dr. Johnson's evaluation, but this time concludes that Dr. Johnson's evaluation supports a finding that Plaintiff does not suffer the cognitive deficits which resulted in the initial RFC limitations.

The ALJ, after crediting the psychodiagnostic evaluations in the initial RFC analysis to support a finding that Plaintiff's brain injury caused sufficient cognitive limitations to render Plaintiff disabled, reversed course in the DAA analysis and, despite stating that the consultative evaluations are the same in the absence of alcohol abuse as in the presence of such abuse, nonetheless found the cognitive limitations would not be present in the absence of alcohol abuse. In light of the record as a whole, the ALJ's finding that Plaintiff's need for the nonexertional limitations to accommodate his cognitive deficits resulting from his brain injury would no longer persist in the absence of alcohol abuse is not supported by substantial evidence. Thus, the Commissioner's decision that alcohol use is a material contributing factor to Plaintiff's disability should be reversed.

Where the court reverses the Commissioner's decision, the determination as to whether to remand for further proceedings or to simply award benefits is within the discretion of the court.

*McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Remand for additional proceedings is appropriate where additional proceedings would remedy defects in the ALJ's decision. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989). But where no useful purpose would be served by further administrative proceedings and the record establishes the claimant's disability, remand for an award of benefits is appropriate. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000); *Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993).

The record establishes that Plaintiff is disabled, factoring out his substance abuse, due to his cognitive impairments either alone or when combined with his fatigue and seizure disorder. Given Plaintiff's RFC with the appropriate nonexertional limitations to accommodate the effects of Plaintiff's brain injury on concentration and memory deficits, no jobs exist in significant numbers in the national economy that Plaintiff can perform, and that, therefore, Plaintiff is disabled. Thus, further administrative proceedings would shed no helpful light on this issue. Accordingly, the Commissioner's decision should be reversed and this matter should be remanded for payment of benefits.

## RECOMMENDATION

For the reasons set forth above, the Commissioner's decision should be REVERSED and this matter should be REMANDED for payment of benefits.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due November 24, 2015. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

A party may respond to another party's objections within 14 days after the objections are filed. If objections are filed, review of the Findings and Recommendation will go under advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 9th day of November, 2015.

John V. Acosta
United States Magistrate Judge